# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEKOU M. SHERIFF, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-5057 |
| | : | |
| VERIZON WIRELESS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                                    **DECEMBER 21, 2018**

      Sekou M. Sheriff, proceeding *pro se*, has filed a civil action against "Verizon Wireless" and "Verizon Fios" based on allegations that employees of Verizon assaulted him. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons set forth below, the Court will grant Sheriff leave to proceed *in forma pauperis*, but dismiss his constitutional claims, requiring a dismissal for lack of jurisdiction. Mr. Sheriff retains the option to pursue a case in state court.

## I.    FACTS

      The events giving rise to Sheriff's claims occurred on September 17, 2018, when Sheriff visited the Verizon Store in Philadelphia to pay his bill and exchange his cable box because it was not working. Sheriff spoke with a Verizon associate about exchanging the box, and the associate requested his identification. Rather than providing his identification, Sheriff questioned why identification was required. The associate allegedly responded that if Sheriff did not want to provide identification he "can get the fuck out of [her] store." (Compl. at 5.)[1]

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

After a further verbal exchange, a male employee "confronted [Sheriff] in a very rude manner as his co-worker did, and asked [him] to leave the store yelling." (*Id.*) Sheriff refused to leave, noting that the store had possession of his cable box and that he needed to pay his bill. The employee came out from behind the counter, "shoved" Sheriff and told him to "get the fuck out of [his] store." (*Id.* at 6.) Sheriff asked the employee not to touch him, but the employee "put his hands around [Sheriff's] neck and put [him] in a chokehold while trying to drag [him] out of the store." (*Id.*) Two other employees joined in by punching Sheriff in the back.

Sheriff was ultimately able to break free from the employees' grip and indicated that he was going to call the police. One of the employees, who identified himself as the store manager, apologized and permitted Sheriff to pay his bill and exchange his box. After handling those matters, Sheriff went to the hospital and then visited the police station. Sheriff alleges that he sustained injuries to his neck and his upper and lower back, for which he is receiving treatment.

Sheriff filed this civil action based on those allegations, claiming that his Fourth Amendment rights were violated. Sheriff seeks damages in the amount of $500,000 "for [his] pain and suffering and violation of [his] 4th amendment right." (*Id.* at 7.)

## II.     STANDARD OF REVIEW

The Court will grant Sheriff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Sheriff's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

2

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Sheriff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Sheriff to be pursuing claims under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. The Fourth Amendment protects citizens against government misconduct, those who exercise the power of the state. It does not create liability on the part of any person or entity not exercising governmental power. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Verizon Wireless and Verizon Fios are private companies, rather than state actors, they cannot as a matter of law violate the Fourth Amendment, and are not subject to liability under § 1983. Accordingly, the Court must dismiss Sheriff's constitutional claims. As it does not appear that Sheriff could plausibly amend these claims, the Court will dismiss them with prejudice, and this Court then lacks jurisdiction.[2]

This is not to say that Plaintiff Mr. Sheriff has no claim whatsoever, but only to say that it does not arise under the federal Constitution and there is therefore no federal jurisdiction. The

---

[2] It is not clear to me whether Plaintiff seeks to invoke diversity jurisdiction. But with no constitutional claim, and given that he was not admitted to the hospital as an inpatient, and the required treatment has been physical therapy, I am objectively persuaded that he cannot meet the threshold for such jurisdiction. *Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 403 (3d Cir.2004).

statute of limitations for the claim has not run, as the incident occurred in September, 2018. Mr. Sheriff can pursue his claims in state court in Philadelphia, either the Court of Common Pleas. located in City Hall, or Municipal Court, located at 1339 Chestnut St 10th Floor, Philadelphia. These courts too have a procedure to procced without payment of fees.

.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Sheriff's Fourth Amendment claims with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**BY THE COURT:**

/s/ Gerald Austin McHugh
United States District Judge